**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LILIA VILLASENOR and JULIAN VILLASENOR, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 24 C 6958 |
| v. | ) ) ) | Judge Joan H. Lefkow |
| MILBANK INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

Lilia and Julian Villasenor (the Villasenors) bring this action against Milbank Insurance

Company (MIC), asserting breach of contract resulting from MIC's refusal to pay for

approximately $681,000 worth of damage to the Villasenors' home. (Dkt. 1.) MIC asserts the

action is barred by the statute of limitations. Both parties move for summary judgment, and this

opinion addresses both motions. For the reasons stated below, MIC's motion (dkt. 19) is granted,

and the Villasenors' motion (dkt. 22) is denied.

**BACKGROUND[1]**

The Villasenors live in and own a house at 1720 N. Albany Ave., Chicago, IL 60647.

Their house is insured by MIC, a company authorized to issue insurance policies in Illinois. MIC

is registered in Iowa, and its principal place of business is in Ohio.[2] On July 16, 2021, the

Villasenors submitted a claim to MIC for damage caused by rushing water resulting from a burst

---

[1] Facts are drawn from those included in MIC's Rule 56 disclosures and that were admitted to by the Villasenors. *See* Dkt. 35.

[2] The court has jurisdiction under 28 U.S.C. § 1332(a) because the Villasenors are citizens of Illinois, MIC is a corporation registered in Iowa with its principal place of business in Ohio, and the amount in controversy is greater than $75,000. Venue is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to this lawsuit occurred in Chicago, Illinois.

pipe beneath their basement floor (the Claim). The Villasenors' home was insured by MIC under a policy in effect from July 29, 2020, to July 29, 2021 (the Policy). The Policy contains a statute of limitations provision that reads:

> No action can be brought against us unless there has been full compliance with all of the terms under Section I of the policy and the action is started within two years after the date of loss. However, this two-year period is extended by the number of days between the date proof of loss is submitted and the date the claim is denied in whole or in part. (Dkt. 23 ¶ 5.)

> Under the policy, a proof of loss is a signed and sworn statement setting forth:

> a. The time and cause of loss; b. The interests of all "insureds" and all others in the property involved and all liens on the property; c. Other insurance which may cover the loss; d. Changes in title or occupancy of the property during the term of the policy; e. Specifications of damaged buildings and detailed repair estimates; f. The inventory of damaged personal property described [] above; g. Receipts for additional living expenses incurred and records that support the fair rental value loss; and h. Evidence or affidavit that supports a claim under E.6. … stating the amount and cause of loss. (Dkt. 20-1 at 65.)

On August 25, 2021, MIC paid $11,200 to the Villasenors to cover their claimed damages. On November 22, 2022, the Villasenors received an engineering report they had commissioned from Rockey Structures, LLC some time in 2022. The report opined that the burst pipe had caused additional structural damage to the Villasenors' property. They sent the report to MIC on February 17, 2023. The Villasenors never submitted a formal proof of loss to MIC.

On March 7, 2023, HAAG Engineering inspected the Villasenors' property on behalf of MIC. In its May 22, 2023, report, HAAG Engineering concluded that the structural damage had been caused by water infiltration over a long period of time. (Plaintiffs deny the report's findings were so conclusive.) On June 16, 2023, MIC denied coverage for replacing the basement floor, walls, and structural beams, partially on the basis that the damage had been caused by a longstanding water issue. The Villasenors filed a complaint against MIC on July 1, 2024, in the Circuit Court of Cook County, claiming breach of contract. MIC removed the case to this court.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The law considers a dispute genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Lord* v. *Beahm*, 952 F.3d 902, 903 (7th Cir. 2020) (quoting *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and . . . draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Skiba* v. *Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018) (citation omitted).

The moving party "bears the burden of demonstrating the absence of genuine issues of material fact." *LaRiviere* v. *Bd. of Trs. of S. Illinois Univ.*, 926 F.3d 356, 359 (7th Cir. 2019) (citation omitted). If the moving party meets that burden, "the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer* v. *Rossman*, 798 F.3d 502, 507 (7th Cir. 2015) (citation omitted).

## ANALYSIS[3]

### I.    Statute of Limitations and Tolling

MIC argues summary judgment should be granted in its favor because the Villasenors' action is time barred based on the two-year statute of limitations in the Policy. A statute of limitations provision in a contract is enforceable under Illinois law. *Hoover* v. *Country Mut. Ins. Co.*, 975 N.E.2d 638, 645–46 (Ill. App. 1st 2012) (citing *Cramer* v. *Ins. Exchange Agency*, 675

---

[3] The court applies Illinois law to this matter, as the Policy was issued in Illinois and the Villasenors live in an Illinois property insured by the Policy. All events relevant to the Claim occurred in Illinois, and both parties rely on Illinois law. *See ECHO, Inc.* v. *Whitson Co., Inc.*, 52 F.3d 702, 707 (7th Cir. 1995) (citation omitted) (noting that "[w]here neither party argues that the forum state's choice of law rules require the court to apply the substantive law of another state, the court should apply the forum state's substantive law"); *see also Muslin* v. *Frelinghuysen Livestock Managers, Inc.*, 777 F.2d 1230, 1231 n.1 (7th Cir. 1985) (noting that acquiescence to a court's choice of law amounts to waiver of a later objection to such choice).

N.E.2d 897 (Ill. 1996) (holding plaintiffs' suit untimely because they filed more than one year after the one-year statute of limitations had expired). The Villasenors submitted a claim for the loss event on July 16, 2021. They filed their lawsuit on July 1, 2024. The statute of limitations ran on July 16, 2023. They filed almost one year too late.

The Villasenors argue that the statute of limitations should be tolled. The Policy provides that "th[e] two-year period is extended by the number of days between the date proof of loss is submitted and the date the claim is denied in whole or in part." (Dkt. 23 ¶ 5.) The Villasenors assert that the limitations period was therefore tolled from February 17, 2023, when they sent the Rockey Structures report to MIC, to June 16, 2023, when MIC denied coverage.[4] MIC points out that the Villasenors never provided it with proof of loss, which, according to the policy, triggers the tolling period. The Villasenors respond that they functionally provided MIC with proof of loss when they sent the Rockey Structures report. They concede they "did not submit a proof-of-loss as defined by the homeowners insurance policy at the time." (Dkt. 23 ¶ 20.)

A functional proof of loss theory for the purposes of tolling a statute of limitations has been soundly rejected by Illinois courts. Proof of loss must be filed in the form required by the insurance policy before the statute of limitations in the policy can be tolled. *Vala* v. *Pac. Ins. Co.*, 695 N.E.2d 581, 583 (Ill. App. 3d 1998). "Filing of other information with an insurance company does not start tolling the running of a policy's [] limitations period if sworn proof of loss is required by the policy." *Id.* (citing *Vole* v. *Atlanta Int'l Ins. Co.*, 526 N.E.2d 653, 655 (Ill. App. 3rd 1988). Plaintiffs' citations are unavailing, as each case is inapposite on this issue.[5]

---

[4] They also proffer that the tolling may have started on August 19, 2021, which is the day MIC paid for the originally identified damages. The court rejects this proposed start date, as the Villasenors did not make MIC aware of the alleged additional damages until they sent it the Rockey Structures report on February 17, 2023.

[5] *Tower Crossing Condiminium* [sic] *Ass'n, Inc.* v. *Affiliated FM Ins. Co.*, No. 21-CV-06228, 2023 WL 1069852, at *4 (N.D. Ill. Jan. 27, 2023) (finding insurer waived requirement that proof of loss be filed within 90 days following a claim where insured filed proof of loss prior to statute of limitations expiration); *Lynch* v. *Mid-America Fire and Marine Ins. Co.*, 418 N.E.2d 421, 428 (Ill. App. 4th 1981) (finding insurer waived requirement to

Therefore, sending the Rockey Structures report to MIC was not a proof of loss as required by the policy and did not trigger tolling.

Finally, even if tolling did apply, the Villasenors still filed suit after the extended statute of limitations period. Even if the Rockey Structures report is assumed to function as proof of loss, the Villasenors sent the report to MIC on February 17, 2023. MIC denied coverage for this loss on June 16, 2023. By the language of the policy, that would toll the statute of limitations by four months, bringing the filing deadline to mid-November 2023. The Villasenors were denied coverage before either statute of limitations deadline passed, and they filed suit on July 1, 2024, which is months after either statute of limitations deadline.

## II.  Waiver of Statute of Limitations

The Villasenors also argue that MIC waived the statute of limitations requirement when it failed to advise them in writing of the number of days tolled and the number of days that remained to bring suit. *See* 50 Ill. Adm. Code § 919.80(d)(8)(C) (2002). Instead, the denial letter merely cited the two-year statute of limitations provision in the Policy.

"[S]ection 919.80[] *can* provide a basis for the insurer's waiver of a time limitation contained in the policy." *Mathis* v. *Lumbermen's Mut. Cas. Ins. Co.*, 822 N.E.2d 543, 550 (Ill. App. 5th 2004) (emphasis added) (finding that the insurer had waived reliance on the statute of limitations by failing to notify the insured of the remaining number of days to bring suit in its denial letter). Such a waiver is appropriate when the facts of the case "would make it unjust, inequitable, or unconscionable to allow the defense to be asserted." *Id*. at 547–48 (quoting *State Farm Mutual Auto. Ins. Co.* v. *Gray*, 570 N.E.2d 472, 475 (Ill. App. 3d 1991); *see also Tibbs* v.

---

file a proof of loss without discussing statute of limitations); *First Nat. Bank of Highland Park* v. *Boston Ins. Co.*, 149 N.E.2d 420, 422 (Ill. App. 1st 1958) (proof of loss filing deadline waived where insurer was aware fire resulted in a total loss without discussing statute of limitations).

*Great Central Ins. Co.*, 373 N.E.2d 492, 493 (Ill. App. 3d 1978) ("Estoppel [or waiver] is based upon an insurer's conduct that misleads the insured to his detriment.").

While it is true MIC did not provide the number of days that remained to bring suit, based on the undisputed facts in this case, it would not be unjust to permit MIC to assert its statute of limitations defense. MIC acted promptly throughout the pendency of the Claim. After the Claim was submitted on July 16, 2021, MIC paid for the damage about one month later. The Villasenors received the Rockey Structures report they commissioned one year and four months later, which detailed additional damage. They then waited three months to share the report with MIC. After receiving the report from the Villasenors on February 17, 2023, MIC sent HAAG Engineering to perform its own inspection and report on March 7, 2023. MIC received HAAG Engineering's report on May 22, 2023. Based on that report's findings, MIC denied additional coverage for the Claim less than one month later, on June 16, 2023, which was about one month before the expiration of the statute of limitations. The Villasenors filed suit over one year later, on July 1, 2024. MIC acted promptly throughout, while the Villasenors did not. Therefore, MIC did not waive the statute of limitations requirement.

## CONCLUSION AND ORDER[6]

For the forgoing reasons, MIC's motion (dkt. 19) is granted, and the Villasenors' motion (dkt. 22) is denied. Civil case terminated.

Date: March 31, 2026

_____
U.S. District Judge Joan H. Lefkow

---

[6] The Clerk is instructed to update the case caption to remove State Automobile Mutual Insurance Company.